UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEWOOD BAPTIST CHURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-5111-M |
| | § | |
| CHURCH MUTUAL INSURANCE | § | |
| COMPANY, GORDON WELCH, and | § | |
| TAILORED ADJUSTMENT SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Remand, filed by Plaintiff Lakewood Baptist Church ("Lakewood") [Docket Entry #13]. The sole issue presented is whether Lakewood has a reasonable probability of recovering against the two non-diverse Defendants, thereby defeating the Court's diversity jurisdiction.[1] For the reasons set forth below, the Court determines the non-diverse Defendants were improperly joined, and therefore **DENIES** the Motion.

I. BACKGROUND

This suit arises from an insurance agreement between Lakewood and Defendant Church Mutual Insurance Company ("Church Mutual"). According to the Original Petition, Lakewood's property suffered wind, hail, and other storm-related damage on April 3, 2012, for which Lakewood submitted a claim to Church Mutual. Church Mutual contends it received no such claim, and that it first became aware of the alleged damage by way of a demand letter sent by Lakewood's counsel on November 5, 2012.

---

[1] Although Lakewood did not pray for a specific amount of damages, it is clear that the amount-in-controversy exceeds the statutory minimum. Lakewood sought more than $500,000 in the demand letter that preceded this lawsuit, and did not dispute that the requirement was satisfied in its Motion to Remand.

Based on the alleged mishandling of the insurance claim, Lakewood sued Church Mutual and two adjusters—Tailored Adjustment Services, Inc. ("TAS") and Gordon Welch ("Welch")—in state court for breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, breach of common law duty of good faith and fair dealing, breach of fiduciary duty, misrepresentation, common law fraud, and negligent misrepresentation.

Lakewood, TAS, and Welch are citizens of Texas.  Church Mutual is a citizen of Wisconsin.  Church Mutual removed the action to this Court, arguing that the non-diverse Defendants were improperly joined, and that this Court therefore has diversity jurisdiction.  Lakewood moved to remand.

## II.  LEGAL STANDARD

A defendant may remove a case to federal court when federal jurisdiction exists, and the removal procedure is properly followed.  28 U.S.C. § 1441.  A case removed on the basis of diversity jurisdiction may remain in federal court despite the presence of a non-diverse defendant if the removing defendant shows that the non-diverse defendant was improperly joined.  *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

Defendants are improperly joined when there is no reasonable possibility that the plaintiff will be able to establish a cause of action against them.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  To determine "whether the complaint states a claim under state law against the in-state defendant," the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint."  *Id.*  The court may also conduct a summary judgment-like inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id.* at 573–74.

III. DISCUSSION

Lakewood bases all of its causes of action on activity related to the insurance claim it contends it submitted to Church Mutual.  Lakewood avers Church Mutual assigned the claim to TAS, which in turn assigned the claim to Welch.  Church Mutual tells a different story. According to the affidavit of Church Mutual's Property Claims Supervisor, Lynn E. Renlund, Church Mutual never received any claim for the April 3, 2012 incident until it received a demand letter in November 2012.  Renlund further testifies that, after receiving the demand letter, Church Mutual gave the claim number 1192084, and assigned it to an adjuster, Danny Brown, *not to TAS or Welch.*

Church Mutual concedes that TAS and Welch adjusted an earlier claim submitted by Lakewood for damage Lakewood suffered in May or June of 2011.[2]  In its Reply, Lakewood never contends that the two claims are related, nor does it provide any evidence or argument rebutting Renlund's affidavit.

Without any evidence to the contrary, the Court concludes that TAS and Welch played no role in adjusting the April 3, 2012 claim, which is the only claim implicated in this lawsuit. Lakewood cannot recover from adjusters who did not participate in the events underlying this action. *See Jimenez v. Travelers Indem. Co.,* No. H-09-cv-1308, 2010 WL 1257802, at *4 (S.D. Tex. March 25, 2010) (denying remand where the in-state adjuster named as a defendant did not adjust the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-cv-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (same).  Because Lakewood cannot establish a cause of action against the in-state Defendants under any of the theories alleged, their citizenship can be disregarded for the purposes of determining diversity jurisdiction.  Lakewood

---

[2] Renlund's affidavit does not clarify in which month, precisely, the 2011 damage occurred.

and Church Mutual are citizens of different states, and the amount-in-controversy requirement is satisfied.  Therefore, the Court has diversity jurisdiction, Lakewood's Motion to Remand is **DENIED**, and the claims against Defendants TAS and Welch are **DISMISSED without prejudice**.

    **SO ORDERED**.

    July 11, 2013.

                                                   BARBARA M. G. LYNN
                                                  UNITED STATES DISTRICT JUDGE
                                                  **NORTHERN DISTRICT OF TEXAS**